UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JULIET KIM, individually, and on behalf of others similarly situated,<br><br>                                    Plaintiff,<br>v.<br><br>QUEEN NAILS BEST LLC and KYOUNG JU LEE,<br><br>                                    Defendants, | Index No. 24-cv-8929<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiff Juliet Kim (collectively "Plaintiff"), individually and on behalf of all others similarly situated, as class representatives, upon personal knowledge as to herself, and upon information and belief as to all other matters, alleges as follows:

## NATURE OF THE ACTION

1. This lawsuit seeks to recover minimum wages, overtime compensation, and other wages for Plaintiff and her similarly situated co-workers – cosmetologist, nail technician, and other service workers who work or have worked at Defendants' Queen Nails, a nail salon and spa located in Waldwick, New Jersey.

2. Plaintiff brings this action on behalf of herself and similarly situated current and former nail technicians who elect to opt-in to this action pursuant to the Fair Labor Standards Act, as amended 29 U.S.C. § 201 *et seq*. ("FLSA"), and specifically the collective action provisions of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Defendants that have deprived Plaintiff and other similarly situated employees of their lawfully earned wages.

1

3. Plaintiff also brings this action on behalf of herself and all similarly situated current and former nail technicians pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the New Jersey Wage and Hour Law, N.J.S.A. § 34:11-56(a) *et seq.* ("NJWHL").

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367. This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

### Plaintiff Juliet Kim

6. Plaintiff Juliet Kim ("Kim") is an adult individual who resides in Bergen County in the State of New Jersey.

7. Defendants employed Kim as a nail technician at Queen Nails from around April 23, 2021, until July 21, 2024.

8. Kim is a covered employee within the meaning of the FLSA and the NJWHL.

9. A written consent form signed by Kim is attached hereto as Exhibit "A".

### Defendants

10. Defendant Queen Nails Best LLC ("QNB") doing business as Queen Nails is a New Jersey Limited Liability Company with its principal place of business at 23 E. Prospect St. Waldwick, NJ 07463.

11. Defendant Kyoung Ju Lee ("Lee") is an individual who at all times relevant herein, employer of the plaintiff who owned, operated, and/or controlled the day-to-day operations and management of Defendant QNB.

12. Defendants QNB and Lee jointly employed Plaintiff.

13. Defendants QNB and Lee are herein collectively referred to as "Defendants".

14. At all relevant times, Defendants were, and continue to be, "employers" of each of the named Plaintiff, the FLSA Collective, and the Rule 23 Class, engaged in interstate "commerce" and/or in the "production of goods" for "commerce", within the meaning of the FLSA, 29 U.S.C. § 203, and the NJWHL.

15. At all relevant times, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the Fair Labor Standards Act, 29 U.S.C. § 203(s)(1). Specifically, Defendants have operated a business with an annual gross volume of sales made or business done of not less than $500,000, and have employed workers, including the Plaintiff, who have been engaged in commerce or in the production of goods for commerce. As such, Defendants are subject to the requirements of the FLSA, including the minimum wage and overtime provisions.

## COLLECTIVE ACTION ALLEGATIONS

16. Plaintiff brings the First and Second Causes of Action, FLSA claims, on behalf of herself and all similarly situated persons who have worked for Defendants as nail technicians at Queen Nails in Waldwick, New Jersey, who elect to opt-in to this action (the "FLSA Collective").

17. Consistent with the Defendants' policy and pattern or practice, Plaintiff and the FLSA Collective were not paid minimum wages for all hours they worked and/or premium overtime compensation for all hours they worked beyond 40 hours per workweek.

18. All of the work that Plaintiff and the FLSA Collective have performed was assigned by Defendants, and/or Defendants were or should have been aware of all of the work that Plaintiff and the FLSA Collective performed.

19. As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective. This policy and pattern or practice include, but is not limited to:

   a. Willfully failing to pay its employees, including Plaintiff and the FLSA Collective, minimum wages for all hours worked and premium overtime wages for hours that they worked in excess of 40 hours per workweek; and

   b. Willfully failing to record all of the time that its employees, including Plaintiff and the FLSA Collective, have worked for the benefit of Defendants.

   c. Willfully failing to notify its employees, including Plaintiff and the FLSA Collective, of their rights under the FLSA.

20. Defendants' unlawful conduct, as described in this Class Action Complaint, is pursuant to a corporate policy or practice of minimizing labor costs by failing to record all of the hours worked by employees, and failing to pay employees the minimum and overtime wage rates required by law.

21. Defendants are aware or should have been aware that federal law required them to pay employees minimum wage for all of the hours they worked.

22. Defendants are aware or should have been aware that federal law required them to pay non-exempt employees proper overtime premiums for all hours worked in excess of 40 per workweek.

23. Plaintiff and the FLSA Collective are similarly situated in their job descriptions, duties, and compensation and perform, or perform the same primary duties.

24. Defendants' unlawful conduct has been widespread, repeated, and consistent.

## CLASS ACTION ALLEGATIONS

25. Plaintiff brings the Third and Fourth Causes of Action, NJWHL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and a class of persons consisting of:

> All persons who work or have worked for Defendants as nail technicians, and similar employees at Queen Nails in Waldwick, New Jersey between August 29, 2018, and the date of final judgment in this matter (the "Rule 23 Class").

26. Excluded from the Rule 23 Class are Defendants, Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants, the Judge(s) to whom this case is assigned and any member of the Judge's immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

27. The members of the Rule 23 Class are so numerous that the joinder of all members is impracticable.

28. Upon information and belief, the size of Rule 23 Class is at least 40 individuals. Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendants.

29. Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

30. Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

   a. Whether Defendants violated N.J.S.A. § 34:11-56(a), and the supporting New Jersey State Department of Labor regulations;

   b. Whether Defendants failed to pay Plaintiff and the Rule 23 Class minimum wages for all of the hours worked;

   c. Whether Defendants correctly compensated Plaintiff and the Rule 23 Class for hours worked in excess of 40 hours per workweek;

   d. Whether Defendants failed to keep true and accurate time records, pay records, and gratuities records for all hours/shifts worked by Plaintiff and the Rule 23 Class, and other records required by the NJWHL;

   e. Whether Defendants failed to furnish Plaintiff and Rule 23 Class with an accurate statement of wages, hours worked, rates paid, gross wages, and gratuities received, as required by the NJWHL;

   f. Whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

   g. The nature and extent of the class-wide injury and the measure of damages for those injuries.

31. The claims of Plaintiff are typical of the claims of the Rule 23 Class she seeks to represent. Plaintiff and all of the Rule 23 Class members work or have worked, for the Defendants as nail technicians at Queen Nails in Waldwick, New Jersey. Plaintiff and the Rule 23 Class members enjoy the same statutory rights under the NJWHL. Plaintiff and the Rule 23 Class members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct.

32. Plaintiff will fairly and adequately represent and protect the interests of the members of the Rule 23 Class. Plaintiff understands that as class representatives, they assume a fiduciary responsibility to the class to represent its interests fairly and adequately. Plaintiff recognizes that as class representatives, they must represent and consider the interests of the Rule 23 Class just as they would represent and consider their own interests. Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, they must not favor their own interests over the Rule 23 Class.   Plaintiff recognizes that any resolution of a class action must be in the best interest of the Rule 23 Class. Plaintiff has retained counsel competent and experienced in complex class actions and employment litigation. There is no conflict between Plaintiff and the Rule 23 members.

33. A class action is superior to other available methods for the fair and efficient adjudication of this litigation.   The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of the Defendants' violations of the NJWHL, as well as their common and uniform policies, practices, and procedures.   Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. Individual Plaintiff often lacks the financial resources to conduct a thorough examination of

Defendants' timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages. In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments.

34. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## PLAINTIFF'S FACTUAL ALLEGATIONS

**Minimum Wage Violations**

35. Defendants did not pay Plaintiff, the FLSA Collective, and members of the Rule 23 Class the lawful minimum wages for all of the hours they worked each workweek.

36. The Plaintiff received a fixed daily wage of $100, later increased to $110, regardless of the number of hours worked each day or week.

37. The Defendants' business operated during the following hours:

- Monday to Wednesday: 9:30 a.m. - 7:00 p.m.
- Thursday to Friday: 9:30 a.m. - 7:30 p.m.
- Saturday: 9:00 a.m. - 6:30 p.m.
- Sunday: 10:00 a.m. - 6:00 p.m.

38. The Plaintiff began her work approximately 20 minutes before the official opening time to prepare for the day.

39. Plaintiff regularly worked 5-6 days per week sometimes she worked 7 days per week.

40. The Plaintiff and all other workers were unable to have uninterrupted lunch breaks. They could only eat when there were no customers and were required to resume work immediately whenever a customer arrived.

41. The Defendants failed to pay the Plaintiff, the FLSA Collective, and the Rule 23 Class members the minimum wage required by New Jersey State law.

42. Nail salon employees covered by the FLSA are entitled to receive the Federal Minimum Wage, rather than a tipped minimum wage.

43. New Jersey state law also mandates that employees working in Beauty Culture Occupations must be paid no less than the minimum rate established by N.J.A.C. 12:57-4.3.

44. As such, Defendants were obligated to pay Plaintiff, the FLSA Collective, and the NJWHL Class the standard hourly minimum wage rate, and not any reduced minimum wage through the application of a tip credit.

**FIRST CLAIM FOR RELIEF**
**Fair Labor Standards Act– Minimum Wages**
**(Brought on behalf of Plaintiff and the FLSA Collective)**

45. Plaintiff realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

46. At all times relevant, Plaintiff and the members of the FLSA Collective are or have been employees within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a).

47. At all times relevant, Defendants have been employers of Plaintiff and the members of the FLSA Collective, engaged in commerce and/or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

48. Defendants failed to pay Plaintiff and the members of the FLSA Collective the minimum wages to which they are entitled under the FLSA.

49. Defendants failed to record all hours worked by Plaintiff and the FLSA Collective.

50. Defendants failed to post and/or keep posted in a conspicuous place on their premises a notice of employees' rights to receive minimum wages and overtime compensation. 29 C.F.R. § 516.4.

51. Because Defendants' violations of the FLSA have been willful, and because Defendants failed to post the notices required by the FLSA, the three-year statute of limitations pursuant to 29 U.S.C. § 255 should be equitably tolled.

52. Plaintiff seeks damages in the amount of her respective unpaid wages, liquidated damages as provided by the FLSA for minimum wage violations, attorneys' fees, and costs, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**Fair Labor Standards Act – Overtime Wages**
**(Brought on behalf of Plaintiff and the FLSA Collective)**

53. Plaintiff realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

54. At all times relevant, Plaintiff and the FLSA Collective regularly worked in excess of forty (40) hours per workweek.

55. Defendants failed to pay Plaintiff and the FLSA Collective proper overtime compensation for all of the hours worked in excess of forty (40) hours in each workweek.

56. Plaintiff and the FLSA Collective seek damages in the amount of their respective unpaid overtime wages, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

57. Because Defendants' violations of the FLSA have been willful, and because Defendants failed to post the notices required by the FLSA, the three-year statute of limitations pursuant to 29 U.S.C. § 255 should be equitably tolled.

### THIRD CLAIM FOR RELIEF
**New Jersey Wage and Hour Law – Minimum Wage**
**(Brought on behalf of Plaintiff and the Members of the Rule 23 Class)**

58. Plaintiff realleges and incorporates by reference all previous paragraphs as if set forth fully herein.

59. Defendants failed to pay Plaintiff and the members of the Rule 23 Class the minimum hourly wages to which they are entitled under the New Jersey Law, N.J.S.A. § 34:11-56(a) *et seq.*

60. Defendants have engaged in a widespread pattern, policy, and practice of violating the NJWHL, as detailed in this Class Action Complaint.

61. At all times relevant to this action, Plaintiff and the members of the Rule 23 Class have been "employees" of Defendants, and Defendants have been "employers" of Plaintiff and the members of the Rule 23 Class within the meaning of the NJ Law, N.J.S.A. §34:11-56(a)(1).

62.     Defendants willfully violated and continue to willfully violate NJ Law by failing to post notices of employees' rights to receive minimum wage. N.J.S.A. § 34:11-56(a)(21).

63.     As a direct consequence of Defendants' violations of the NJ Law, Plaintiff suffered and continues to suffer substantial injury.

64.     Because Defendants' violations of the NJWHL have been willful, and because Defendants failed to post the notices required by the NJWHL, the two-year statute of limitations pursuant to N.J.S.A. §34:11 56a(25), should be equitably tolled.

## FOURTH CLAIM FOR RELIEF
### New Jersey Wage and Hour Law – Unpaid Overtime
**(Brought on behalf of Plaintiff and the Members of the Rule 23 Class)**

65.     Plaintiff realleges and incorporates by reference all previous paragraphs as if they were set forth fully herein.

66.     Defendants failed to pay Plaintiff the proper overtime rate for all hours worked in excess of forty (40) hours per week pursuant to N.J.S.A. § 34:11-56(a) *et seq*.

67.     Defendants willfully violated and continue to willfully violate NJ Law by failing to post notices of employees' rights to receive the proper overtime compensation. N.J.S.A. § 34:11-56(a)(21).

68.     As a direct consequence of Defendants' violations of the New Jersey Law, Plaintiff suffered and continues to suffer substantial injury.

69.     Because Defendants' violations of the NJWHL have been willful, and because Defendants failed to post the notices required by the NJWHL, the two-year statute of limitations pursuant to N.J.S.A. §34:11 56a(25), should be equitably tolled.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays for relief as follows:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NJWHL;

b. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

c. Designation of this action as a Collective Action on behalf of the FLSA Collective Plaintiff and prompt issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

d. Designation of the Named Plaintiff as the Representatives of the FLSA Collective Plaintiff and as the Class Representatives of the Rule 23 Class;

e. An award of unpaid wages, overtime compensation, and other damages due under the FLSA and the NJWHL;

f. An award of liquidated and/or punitive damages as a result of Defendants' failure to pay wages and overtime compensation pursuant to 29 U.S.C. § 216;

g. An award of liquidated and/or punitive damages as a result of Defendants' failure to pay wages and overtime compensation pursuant to the NJWHL;

h. Costs and expenses of this action, together with reasonable attorneys' fees;

i. Pre-Judgment and post-judgment interest, as provided by law; and

j. Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues.

Dated: September 3, 2024

  /s/ Ryan Kim
Ryan J. Kim

Ryan J. Kim, Esq.
Ryan Kim Law, P.C.
222 Bruce Reynolds Blvd. Suite 490
Fort Lee, NJ 07024
ryan@RyanKimLaw.com